IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

LISA STEWART                                                              PLAINTIFF

V.                                                    CIVIL ACTION NO. 1:06CV310-SAA

MICHAEL J. ASTRUE, COMMISSIONER
OF SOCIAL SECURITY                                                        DEFENDANT

## MEMORANDUM OPINION

This case involves an application pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff Lisa Marie Stewart for supplemental security income (SSI) under Title XVI of the Social Security Act. In accordance with the provisions of 28 U.S.C. § 636(c), both parties consented to have a United States Magistrate Judge conduct all proceedings in this case, including an order for final judgment. Therefore, the undersigned has authority to issue this opinion and the accompanying final judgment.

## I. FACTUAL AND PROCEDURAL HISTORY

The plaintiff was born on August 1, 1960, and was forty-five years old at the time of the hearing decision on May 17, 2006. She completed her GED in 2002. The plaintiff's past relevant work has been as a mail sorter. She filed her application for SSI under Title XVI on August 12, 2003. In her application, she alleged a disability onset date of October 1, 1996, but that date was amended at the hearing before the Administrative Law Judge ("ALJ") to reflect an onset date of February 23, 2003. She claims that she is entitled to these benefits as she has severe back pain that has resulted in several surgeries and depression. The Social Security Administration denied

1

plaintiff's application initially and on reconsideration. Following a hearing, on February 28, 2006, the ALJ entered a decision finding that the plaintiff was disabled from January 28, 2003 until December 15, 2005. On December 15, 2005 plaintiff was released by her treating physician, Dr. Chang, and was cleared to return to her "regular activities." In accordance with this opinion and finding that there was no additional medical evidence based on objective medical findings available in the record to show that plaintiff was unable to perform her past relevant work as a mail sorter, the ALJ determined that the plaintiff was not disabled, under the meaning of the Act, after December 15, 2005. The plaintiff appealed the decision, and on September 15, 2006, the Appeals Council denied the plaintiff's request for review. Thereafter, the plaintiff filed the present action with this court. The ALJ's final hearing decision is now ripe for review.

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1] However, in cases of medical improvement, an eight-step sequential evaluation process is used.[2] The regulations for determining whether a plaintiff's disability has ceased involve up to eight steps in which the Commissioner must determine (1) whether the claimant is currently engaging in substantial gainful activity, (2) if not, whether the disability continues because the claimant's impairments meet or equal the severity of a listed impairment, (3) whether there has been a medical improvement, (4) if there has been medical improvement, whether it is related to the claimant's ability to work, (5) if there has been no medical improvement or if the medical improvement is not related to the claimant's ability to

---

[1] *See* 20 C.F.R. § 416.920 (1998).

[2] *See* 20 C.F.R. § 416.994 (1988)

work, whether any exception to medical improvement applies, (6) if there is medical improvement and it is shown to be related to the claimant's ability to work, whether all of the claimant's current impairments in combination are severe, (7) if the current impairment or combination of impairments is severe, whether the claimant has the residual functional capacity to perform any of her past relevant work activity, and (8) if the claimant is unable to do work performed in the past, whether the claimant can perform other work. *Dixon v. Barnhart*, 324 F.3d 997 (8th Cir.2003); 20 C.F.R. § 416.994. As the ALJ determined that the plaintiff was disabled from January 8, 2003 until December 15, 2005, but that medical improvement was made and that plaintiff was no longer disabled after December 15, 2005, it is this eight-step evaluation that is employed in the present case.

First, plaintiff must prove she has not engaged in any substantial gainful activity during the period she was determined to be disabled as defined by the act.[3] The ALJ determined that the plaintiff had not engaged in any substantial work activity from January 28, 2003 through December 15, 2005. (Tr. 14, Finding No. 1). At step two, the ALJ determined that the plaintiff's back disorder was a severe impairment. (Tr. 14, Finding No. 2). At step three, the ALJ found that the plaintiff's impairment did not meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C. F. R. §§ 416.920(d), 416.925, and 416.926. Next the ALJ held that the plaintiff retained a Residual Functional Capacity ("RFC") for less than sedentary work for the period of time from January 28, 2003, through December 15, 2005. (Tr. 18, Finding No. 5). Accordingly, the ALJ determined that given the plaintiff's age, education and the skills acquired in her past work, that there were no jobs that existed in

---

[3]*See* 20 C.F.R. §§404.1594(f)(1); 416.994 (b)(5)(I)

significant numbers in the national economy that the plaintiff could perform during this period and that the plaintiff had been disabled then. (Tr. 19, Finding Nos. 6-10). However, the ALJ went on to state that, considering the evidence and the record as a whole, and specifically a report from plaintiff's treating physician releasing her to her "regular activity" as of December 15, 2005, there had been medical improvement of the plaintiff's condition as contemplated by 20 C.F.R. §416.994(b)(1)(I). (Tr. 20, Finding No. 11). The ALJ next determined that beginning on December 15, 2005, the plaintiff no longer had an impairment that met or medically equaled one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 20, finding No. 12). Therefore, the ALJ found at step seven that, given the plaintiff's medically improved RFC, the plaintiff was capable of light work as defined in 20 C.F.R. §416.967(c), that she was capable of engaging in substantial gainful activity, and she could perform her past work as a mail sorter. (Tr. 21, Finding Nos. 15 - 16). Accordingly, she did not reach the final step in the eight-step process.

On appeal to this court the plaintiff argues that the ALJ and the Appeals Council failed to properly develop the record in this case and, as a result, incorrectly determined that the plaintiff was able to return to work. The court has reviewed the submissions of the parties and concludes that the plaintiff's argument has merit.

## II. STANDARD OF REVIEW

This court's review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and whether the ALJ applied the correct legal standards. 42 U.S.C. § 405(g); *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994); *Villa v. Sullivan*, 895 F.2d 1019, 1021

4

(5th Cir. 1990). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401 (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)). The Fifth Circuit has further stated that substantial evidence:

> must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'

*Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). Thus, this court may not overturn the Secretary's decision if it is supported by substantial evidence–"more than a mere scintilla" -- and correctly applies the law. *Morris v. Shalala,* 207 F.3d 744, 745 (5th Cir. 2001); *see also Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992). Conflicts in the evidence are for the Commissioner to decide, and if substantial evidence is found to support the decision, the decision must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court may not re-weigh the evidence, try the case de novo, or substitute its own judgment for that of the Commissioner. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988), even if it finds that the evidence preponderates against the Commissioner's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell*, 862 F.2d at 475. If the Commissioner's decision is supported by the evidence, then it is conclusive and must be upheld. *Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir. 1994).

### III. DISCUSSION

The plaintiff argues that the ALJ erred by failing to fully develop the record. According to the plaintiff, an ALJ has a duty to develop the record, the "investigate facts and develop the

5

arguments both for and against granting benefits." *Sims v. Apple* 530 U.S. 103, 120 S. Ct. 2080, 2085, citing *Richardson v. Peralas*, 402 U.S. 389. 91 S. Ct. 1420 (1971).

In this case, the only medical source statement in the record is from Dr. Fleetwood, a consultative examining physician who examined the plaintiff inside of two weeks after her back surgery. Dr. Fleetwood's medical source statement limits the plaintiff's ability to occasionally lift and carry to 10 pounds and frequently lift and carry only 10 pounds; it limits the plaintiff to stand for only twenty (20) minutes without interruption and sitting for only five (5) minutes without interruption and sitting for a total of one (1) hour in an eight (8) hour workday. (Tr. 185). Based on this opinion, the ALJ made a determination that the plaintiff was disabled and had been until December 15, 2005. Yet without any additional medical source statements or opinions from physicians, excepting only one record in which Dr. Chang, plaintiff's treating physician, examined the plaintiff six weeks after her last back surgery and released the plaintiff to her "regular activities" on December 15, 2005, the ALJ determined that as of that date the plaintiff achieved medical improvement and obtained an RFC of light work in a matter of weeks post-surgery. There is no evidence in the record to help determine what Dr. Chang meant by the term "regular activities." The plaintiff argues that as she had not worked for 16 years prior to the period during which the ALJ determined that she was disabled and that her regular activities did not include lifting, carrying, sitting or standing to a level or for a duration that would meet the level required for light work.

The Social Security Regulations require that an ALJ contact a treating physician or other medical sources "[w]hen the evidence. . . receive[d] from [a] treating physician . . . is inadequate . . . to determine whether [a claimant] is disabled. 20 C.F.R. §§ 404.1512(e), 416.912(e). These

6

regulations further provide "additional evidence or clarification" will be sought" when the report from [a] medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. §§ 404.1512(e)(1), 416.912(e)(1).

In this case, the medical evidence after the plaintiff was released by Dr. Chang to her "regular activities" shows that the plaintiff presented to the Emergency Room at Baptist Memorial Hospital, Golden Triangle less than two weeks later on December 26, 2005 and again on February 1, 2006, both times complaining of back pain that measured a 10 on a scale of 1 to 10. (Tr. 199, 205). The record reflects no information nor did the ALJ pose questions to the Vocational Expert ("VE") at the hearing that would provide a basis for changing the plaintiff's RFC from less than sedentary to light work. There are no additional medical records or opinions that show anything beyond the plaintiff claiming that she remained in significant pain, enough to twice go to the emergency room after her back surgery and after December 15, 2005.

While the court finds that the ALJ did properly and with supporting evidence find that the plaintiff's complaints where lacking complete credibility; plaintiff's reduced credibility, without an additional medical source statement from Dr. Fleetwood or a clarification from Dr. Chang as to his meaning of the term "regular activities" for an individual who has not worked in over 16 years, is not sufficient to hold that the plaintiff suddenly is able to perform light work when just weeks before she could not perform sedentary work. The ALJ has a duty to investigate and seek clarification or gather additional information when needed to make a determination as to disability. For this reason, the court holds that this case should be remanded to more fully develop the record and obtain a new medical source statement or to request that Dr. Chang

7

clarify his term "regular activities" with regard to this plaintiff.

The court considers objective medical facts, diagnoses and opinions of treating and examining physicians, the claimant's subjective evidence of pain and disability, and the claimant's age, education, and work history when considering whether the ALJ's decision is supported by substantial evidence. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995) (*per curiam*) (citing *Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991)). While the ALJ is afforded discretion when reviewing facts and evidence in a cause, the ALJ is not qualified to interpret raw medical data in functional terms. *Perez v. Secretary of Health and Human Services*, 958 F.2d 445, 446 (1st Cir. 1991) (citations omitted); *see Richardson v. Perales*, 402 U.S. 389, 408 (1971) (upholding the use of testimony from vocational expert because the ALJ is a layman). Furthermore, lack of affirmative evidence supporting the ALJ's findings as to claimant's RFC may require remand for further development of the record. 3 SOCIAL SECURITY LAW AND PRACTICE § 43:14 (Timothy E. Travers *et al.* eds., 1999).

Although there may be substantial evidence to deny the plaintiff's claims, review of the ALJ's decision and the record in this case leaves question as to whether the ALJ considered all the necessary factors before changing the plaintiff's RFC so dramatically. It is clear that additional development of the record, specifically in the form of a medical source statement or clarification of opinion letter from the treating physician, could have been easily obtained had the ALJ sought such information. In a case such as this, where the record presents a question as to the plaintiff's abilities and there is a dearth of information regarding her medical improvement, if any, and specifically where the information could be easily obtained, the Commissioner should contact an examining physician. 20 C.F.R. § 404.1509p(b) (2000). In fact, the ALJ has a duty

to seek clarification when a treating physician's report is incomplete or inadequate. *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000). The court is of the opinion a Medical Source Statement/ RFC assessment by Dr. Fleetwood that was conducted after the plaintiff has had time to recuperate from her surgery or a letter of clarification form plaintiff's treating physician, Dr. Chang, would have been helpful to the ALJ and potentially provided a more complete picture of the plaintiff's medical conditions and abilities as they relate to her potential for employment or benefits under the Social Security Act. In this case it appears that the submission of such additional information to the ALJ may provide evidence that could change the result in the instant case. Even if the result is not changed, the ALJ would then have the necessary evidence to adequately determine, according to *Newton* and 20 C.F.R. § 404.1527(d)(2) that there exists good cause for determining the plaintiff's medically improved RFC. Accordingly, the undersigned finds that decision of the Commissioner should be remanded for further proceedings after this specific information and/or opinion statement is obtained.

## CONCLUSION

In accordance with this memorandum opinion, a final judgment shall be issued this day.

This, the 21st day of August, 2007.

/s/ S. ALLAN ALEXANDER
UNITED STATES MAGISTRATE JUDGE